IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHRIS CRABTREE,** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )   **CIVIL ACTION 11-0529-WS-B** |
| | ) |
| **VOLKERT, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

      This matter comes before the Court on preliminary review of the parties' Joint Motion for Approval of Settlement and Submission of Confidential Release Documents under Seal (doc. 54). The Joint Motion requests approval of the parties' settlement under 29 U.S.C. § 216(b), and submits copies of the settlement papers under seal for the Court's review. Also, the parties jointly represent that plaintiffs' FLSA claims for unpaid overtime and retaliation were disputed, that Volkert denies liability for such claims, and that the parties desire their settlement terms to be confidential. The Court is loath to multiply the parties' post-settlement expenditure of resources or to cause a mutually agreeable, negotiated compromise to founder on technicalities; however, judicial approval of FLSA settlements is not an empty rubber-stamping formality, and the Court's initial assessment is that applicable law obligates it to dig deeper than the limited information the parties have submitted to date.

      Given the recent surge in FLSA litigation in the Southern District of Alabama, the issue of judicial approval of FLSA settlements has become something of an emergent *cause célèbre* in this forum. The undersigned has not yet had occasion to write to this topic. But just last week, Judge DuBose issued an opinion in a case styled *Kelly M. Smith v. Community Loans of America, Inc.*, Civil Action 12-00187-KD-B (doc. 31, dated January 9, 2013),[1] in which she

---

[1] The undersigned attempted to locate the opinion on Westlaw so as to provide the parties with a "WL" citation to guide their research. Unfortunately, the *Smith* order is not yet available in the Westlaw database. The parties can access it via the PACER system.

surveyed the case law and opined that (i) courts reviewing FLSA settlements must evaluate them for fairness, considering a variety of factors (including probability of success on the merits, range of possible recovery, opinions of counsel, etc.); (ii) confidentiality clauses in FLSA settlements should not be approved; (iii) broad pervasive release provisions in FLSA settlements generally should not be approved; and (iv) attorney's fees in FLSA settlements must be analyzed for reasonableness using a traditional lodestar analysis.[2]

If the Court were to apply the *Smith* rule here, the parties' Motion for Approval of Settlement would appear to fall short under each of the four principles identified *supra*.  That said, the parties have not been afforded a reasonable opportunity to address the *Smith* approach and either (i) present argument and authorities explaining why it should not be followed here (because, for example, this case is distinguishable, or the parties believe the law is otherwise); or (ii) supplement their Motion in a manner that conforms with the requirements of *Smith*. Accordingly, the parties are **ordered**, on or before **February 1, 2013**, to **show cause** why their Motion for Approval of Settlement should not be denied under the *Smith v. Community Loans* rationale and/or to amend their Motion to bring it into conformity with that opinion.[3]

DONE and ORDERED this 17th day of January, 2013.

                                          s/ WILLIAM H. STEELE
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[2] As to the fourth prong of the *Smith* ruling, the Court recognizes a strand of the case law opining that review of reasonableness of attorney's fees paid in an FLSA settlement is unnecessary where a proposed settlement, *inter alia*, "represents that the plaintiff's attorneys' fee was agreed upon separately and without regard for the amount paid to the plaintiff," such that the matter of attorney's fees was "addressed independently and seriatim" to that of the plaintiff's recovery.  *Wing v. Plann B Corp.*, 2012 WL 4746258, *3 (M.D. Fla. Sept. 17, 2012) (citations omitted).

[3] To be clear, the Court is not mandating that the parties choose all or nothing. There may be aspects of the *Smith* rule that they wish to contest, and other aspects of *Smith* that they concede should govern review of their settlement.  Such a mixed approach is perfectly acceptable, so long as the parties address – one way or the other – each of the four critical aspects of *Smith* identified herein.